NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-106-HRW

RICKEY HOLLIE                                            PLAINTIFF

VS:           **MEMORANDUM OPINION AND ORDER**

DENISE BLACK                                           DEFENDANT

*** *** *** ***

Rickey[1] Hollie, an individual who is serving a state sentence in the Little Sandy Correctional Complex ("LSCC") in Sandy Hook, Kentucky, has submitted a prisoner *pro se* complaint, pursuant to 42 U.S.C. §1983, together with a motion to proceed herein *in forma pauperis*. The motion will be granted by separate Order.

The complaint is before the Court for initial screening. 28 U.S.C. §1915; 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

CLAIMS

The plaintiff claims that the defendant nurse has violated his rights under the U.S. Constitution, in that she has (1) discriminated against him, based on his race; (2) denied him medical attention; and (3) retaliated against him for filing a grievance. Additionally, he claims that (4) the corporate defendant has failed to oversee that proper training is provided

---

[1] The plaintiff is not consistent in the spelling of his first name, often printing "Rick" or "Ricky" but spelling it "Rickey L." or "Rickey" in his signature. As he has used the name "Rickey Hollie" on the face of his complaint, the Court will use that spelling.

to its employees and that its employees adhere to professional conduct.

## DEFENDANTS

The plaintiff names an LSCC nurse, Denise Black, as a defendant in her individual capacity. He also states that he will later identify and sue in his/her individual capacity a John and/or Jane Doe, who is chairman of the private medical corporation which employs Ms. Black.

## RELIEF REQUESTED

The plaintiff seeks damages and injunctive relief.

## FACTUAL ALLEGATIONS

The plaintiff's factual allegations are presented in a completed complaint form and attachments, which the Court summarizes as follows. Record No. 1.

Plaintiff Hollie's complaints center on two incidents involving the LSCC defendant nurse. The first occurred on February 8, 2006, after which the plaintiff wrote a grievance, No. 06-073, claiming as follows:

> Note: Two medical request form's sent on the 6 and 7 of 2/2006. Medical Ms Black refused to allow Afro African" Inmates to be placed on clipper list while housed in S.M.U. Unless Inmates face are first coverd with razor burns and hair-bumps "scabs" due to usage of razor's and or magic shave. This is an Racial dirceted action against African Inmates Due to the fact that it is Africans that suffer mostly from this Illness or condition . . . This Is Curl and unusual Punshiment in it's most blatntly form . . .

Grievance dated February 8, 2006. For her response, Nurse Black has written on the form that inmates are placed on the clipper list "as deemed necessary by medical regardless of

race." *Id.*, dated February 22, 2006.

The institution's Health Care Grievance Committee next reviewed the grievance, and wrote that the Committee "concurs the grievance has been resolved. The medical department makes the decision on who is placed on the clipper list. Their decision is based solely on their medical condition." Attachment dated March 27, 2006.

In the Health Care Grievance Final Administrative Review of Grievance No. 06-73, the Department of Corrections' Medical Director has written as follows:

> I have reviewed your grievance, the informal response, your appeal to the Health Care Grievance Committee, their findings and your subsequent appeal to me. I am unable to rule on this appeal due to several problems with both your response and the staff response. First, you state in your appeal that you have never been seen by medical staff but there is a note in your medical record that indicates you were seen for this issue on February 7, 2006. Second, during that visit you were told that there is no clipper list, yet the informal response from Ms. Black indicates that "inmates were assessed by medical staff before being removed from the clipper list." If there is no list, then how could you have been removed? I am asking that the LSCC medical staff provide an explanation for this inconsistency in documentation. In addition, I am directing that you be assessed by medical staff to determine if it is indicated for you to be placed on the clipper list.

Attachment dated April 26, 2006.

Meanwhile, on March 9, 2006, another incident had occurred between Hollie and Defendant Black, and the prisoner wrote another grievance, No. 06-147, alleging as follows:

> On 3-9-2006 At or about at 1:20 pm Medical Personal Miss Black came to my Cell. I asked Miss Black to look at the sore's on my face and neck from shaving and to be placed on clipper list. Black asked me, "Is that from shaving?" I said "yes." She nodded in the affirmative (for placing me on clipper list) She asked my name I told her. She then said "Hell no you put a grievance on me said I was racist. I knew you would need something from me

3

> I was just waiting. Hell no I ain't gone put you on no list for anything." Black would not treat me because of Prior Grievance.

Grievance dated March 9, 2006. In the response portion of the grievance form, signed on March 21st, a staff member named Helton has written, "A complete investigation was conducted on this matter and the appropriate action taken."

Nonetheless, the plaintiff evidently appealed. The warden's response on Grievance 06-147 reads as follows:

> I have reviewed the investigation conducted by Internal Affairs Lt. Keith Helton and find there are significant discrepancies in what the inmates report. There are also discrepancies in what staff report. The primary issue is if Ms. Black based her decision on a previous grievance that had been filed by inmate Hollie. Ms. Black is adamant that her decision was based on medical criteria. This is supported to some degree by inmate Hollie's medical file which fails to note any previous notations of the "no shave" or "clippers only". For this reason, and the lack of conformity in the statements on what was actually stated, I find that Ms. Black's decision was based on medical knowledge, not retaliation for a previous grievance. Ms. Black has been cautioned not to be drawn into redundant arguments when inmates do not receive the decisions they desire.

Attachment dated May 1, 2006.

Another attachment shows that at the last level of appeal of 06-147, the Commissioner of the Kentucky Department of Corrections concurred with the warden, found that Hollie's allegation "could not be substantiated," and directed that the warden ensure that staff members "conduct themselves in a professional manner when dealing with inmates." Attachment dated June 2, 2006.

On July 14, 2006, the plaintiff filed the instant action, seeking damages and injunctive relief to "protect" him from "further acts" of retaliation.

## DISCUSSION

To establish a right to relief under §1983, a plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

That doctors fulfill the second §1983 requirement of acting under color of state law when treating an inmate has been the law since the Supreme Court's decision in *West v. Atkins*, 487 U.S. 42 (1988) (settling a conflict between judicial circuits). That physicians under contract for medical services are state actors is "clear" law by now. In *Hicks v. Frey*, 992 F.2d 1450 (6th Cir. 1993) (affirming a jury verdict for a §1983 plaintiff in the Western District of Kentucky, Hon. Johnstone, J., presiding), the Sixth Circuit stated:

> It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under §1983 as one acting "under color of state law." West v. Atkins, 487 U.S. 42, 54, 108 S. Ct. 2250, 2258 . . . (1988).

*Id.* at 1458. There is no reason that a nurse is any differently situated.

Therefore, the instant plaintiff having claimed violations of his civil rights at the hands of someone acting under color of state law, he has stated a sufficiently cognizable claim under 42 U.S.C. §1983 for his complaint to survive screening under 28 U.S.C. §1915

and 28 U.S.C. §1915A. Moreover, he has apparently exhausted the Kentucky Department of Corrections grievance system. Accordingly, the Court will summon Defendant Black to respond to the complaint.

The plaintiff is advised of his need to follow the Federal Rules of Civil Procedure in this case or risk dismissal of any or all of his claims. He is also specifically advised of the contents of Rule 4(m), which provides as follows:

> Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Fed.R.Civ.P. 4(m). Plaintiff is on notice that if any John/Jane Doe defendants are not named and served within 120 days, then the claims against said Doe defendants shall be dismissed pursuant to the terms of Federal Rule of Civil Procedure 4(m).

Accordingly, the Court being advised, it is **ORDERED** as follows:

(1) The sole named defendant in this action is Denise Black, in her individual capacity.

(2) The Clerk of the Court is directed to forward by certified mail, return receipt requested, one copy of the complaint and instant Order to the Office of General Counsel for the Kentucky Department of Corrections, Frankfort, Kentucky. General Counsel shall have ten (10) days from the date of entry of this Order to complete and file a notice of waiver of

service against any named defendant.

If a waiver is not filed within said ten (10) days, the Clerk shall notify the Pro Se Office.

(3) The answer to the complaint shall be filed no later than 60 days after the notice of waiver of service is filed. However, if service is required, the answer shall be filed no later than 20 days after service of summons.

(4) The plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(5) For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This July 25, 2006.



Signed By:
Henry R Wilhoit Jr.
United States District Judge